

FILED

DEC 0 3 2018

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN GALLAGHER, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-02439 (UNA)
)
)
DRUG ENFORCEMENT )
ADMINISTRATION, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because, under the statute governing IFP proceedings, the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff, who holds himself out as "Reverend Sasha," sues the Drug Enforcement Administration ("DEA"), the United States Attorney General, Susan A. Gibson, and James A. Arnold. Compl. at caption. The complaint presents sweeping and disjointed allegations that are mostly incomprehensible. Plaintiff alleges that the DEA is broadly involved in "the practice of licensing (but actually not licensing) religions," which he further alleges is violative of the Constitution. *Id.* at 7. He also posits that DEA is withholding a "copy of a phone call" from him. *Id.* at 4. Lastly, plaintiff presents an undefined "challenge to the Controlled Substances Act." *Id.* at 2. The remainder of the complaint relates plaintiff's grievances regarding matters filed before

other courts,[1] *id.* at 2–3, a listing of purported disparate legal authority, *id.* at 1–6, and a personal account of plaintiff's view on the history of world religion, *id.* at 4–5. Plaintiff seeks undefined injunctive relief and damages. *Id.* at 7.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

The instant complaint satisfies this standard and warrants dismissal with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate Order accompanies this Memorandum Opinion.

Date: November 3, 2018

United States District Judge

---

[1] This Court lacks jurisdiction to review the decisions of another district court. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995). It also lacks jurisdiction to review or interfere with the decisions of a state court. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).